IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYAN GOREE, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 22-cv-1738 |
| NEW ALBERTSON'S INC. dba JEWEL OSCO, | )<br>) |
| Defendant. | )<br>) |
| And HONEYWELL INTERNATIONAL, INC. | )<br>) |
| Respondent in Discovery | ) |

## NOTICE OF REMOVAL

Defendant New Albertsons L.P. (incorrectly named as New Albertson's Inc. d/b/a Jewel Osco) ("Albertsons") hereby removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.[1] Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) because this case is styled as a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

---

[1] Albertsons does not waive, and expressly reserves, all rights, claims, and defenses, including without limitation all defenses with respect to personal jurisdiction and otherwise as well as the right to seek a transfer of this action under 28 U.S.C. § 1404.

I. **FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS**

1. On January 25, 2022, Plaintiff filed a lawsuit against Albertsons in the Circuit Court of Cook County, Illinois (the "State Court Action"). *See* **Exhibit 1**. On March 4, 2022, counsel for Albertsons accepted service of process of the State Court Action and executed a waiver of service, providing Albertsons with 60 days to answer or otherwise respond to the State Court Action. *See* **Exhibit 2**.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the State Court Action file is attached to this Notice of Removal and is incorporated by reference herein. The file includes all process, pleadings, motions, and orders filed in this case, including the Complaint (Exhibit 1) and all other documents in the State Court Action file (Exhibit 2).

3. Plaintiffs allege that Albertsons has violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/15(c), by allegedly collecting, possessing, and transferring Plaintiff's and the proposed class's biometric voiceprints, voice patterns or templates, and information through Defendant's use of Vocollect technology without following the Act's requirements. Compl. ¶¶ 3-4, 24-28, 42-62.

4. Plaintiff seeks a variety of remedies on behalf of the putative class, including declaratory judgment, injunctive relief, statutory damages including interest, and attorneys' fees. *See* Compl. at 18 (Prayer).

II. **REMOVAL IS PROPER UNDER CAFA (28 U.S.C. § 1332(d))**

5. CAFA provides that federal courts have original jurisdiction over putative class actions in which (a) any plaintiff is diverse from any defendant, (b) there are at least 100 members in the putative class, and (c) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be

removed to the district court for the district and division embracing the place where the action is pending.

    A.    THE PARTIES ARE SUFFICIENTLY NUMEROUS

6. Plaintiffs purport to bring this action on behalf of "[a]ll persons who had their voiceprints, voice patterns collected, captured, received, otherwise obtained, or disclosed by the Defendant while in Illinois, without their consent, and/or who failed to have their voiceprint timely deleted." Compl. ¶ 50. Plaintiffs allege that "[t]he exact number of Class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers from over 100 workers who fall into the definition of the Class." *Id*. ¶ 52. This is sufficiently numerous to satisfy CAFA.

    B.    THE PARTIES ARE MINIMALLY DIVERSE

7. Plaintiff Goree was a citizen of the State of Illinois at the time of his allegations. *Id*. ¶ 23.

8. Plaintiff's Complaint incorrectly names the defendant as "New Albertson's Inc. d/b/a Jewel Osco." In December 2017, New Albertson's Inc. converted to New Albertsons L.P. Declaration of Naomi Bannister ("Bannister Decl."), ¶ 5.

9. New Albertsons L.P. is a Delaware limited partnership. *Id.,* ¶ 6. The general partner of New Albertsons L.P. is NAI Holdings GP LLC, which is a Delaware corporation with its principal place of business in Boise, Idaho. *Id.,* ¶ 6. The limited partner of New Albertsons L.P. is Safeway, Inc., which is a Delaware corporation with its principal place of business in Boise, Idaho. *Id.*, ¶ 7. New Albertsons L.P. is therefore a citizen of Delaware and Idaho. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990) (holding that a limited partnership has the citizenship of each of its partners, whether general or limited, rather than the partnership

itself); *Lexington Prop. Fund v. James River Paper Co., Inc.*, 95 C 6743, 1995 WL 723892, at *1 (N.D. Ill. Dec. 5, 1995); *see also* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business").

10. Plaintiff has named Honeywell International, Inc. ("Honeywell") a respondent in discovery in the State Court Action. *See* Exhibit 1. Honeywell has not filed an appearance in the State Court Action. Because a respondent in discovery is not considered a defendant or a party for purposes of removal, its citizenship and consent to removal under 28 U.S.C. §1446(b)(2)(a) are not relevant. *See Allen v. Thorek Hospital*, 275 Ill. App. 3d 695, 703, 212 Ill.Dec. 74, 656 N.E.2d 227 (1995) ("It is well settled, however, that a respondent in discovery is not a party to a lawsuit."); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 n.3 (7th Cir. 1996) (the citizenship of a respondent in discovery was not considered for purposes of determining diversity jurisdiction); *Wisniewski v. City of Chicago*, 98 C 7682, 1998 WL 895746, at *1 (N.D. Ill. Dec. 15, 1998) (noting nonjoinder of respondents in discovery to notice of removal had "no significance" as "'[r]espondents in discovery' are creatures of a special provision of Illinois law that permits a plaintiff to seek no relief other than the possible provision of information relevant to plaintiff's underlying substantive claims. As such, those respondents are purely nominal defendants for federal purposes, so that they play no part in any removal equation").

11. Accordingly, the minimal diversity requirement is satisfied because at least one plaintiff is diverse from at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A); *Toulon v. Continental Casualty Co*., 877 F.3d 725, 732 (7th Cir. 2017) ("CAFA requires only 'minimal diversity' where one plaintiff is diverse from the defendant.").

12. Because Albertsons is not a citizen of Illinois, neither the "local controversy" nor the "home state" exceptions to CAFA apply. *See* 28 U.S.C. § 1332(d)(3)-(4).

C. **THERE IS AT LEAST $5,000,000 IN CONTROVERSY**

13. The class size at issue is still unknown, but may be greater than 1,000 persons, as more than 1,000 persons have been employed at Jewel distribution centers in Illinois the last year. Declaration of Luis Acosta ("Acosta Decl."), ¶ 4. Under BIPA, where the class is greater than 1,000 members, the requisite amount in controversy is "secure" without needing to account for Plaintiffs' request for attorneys' fees. *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 620 (7th Cir. 2020) ("[C]laims of individual class members are aggregated for purposes of CAFA."). *See also* 28 U.S.C. § 1332(d)(6). Here, as in *Bryant*, because the alleged class has the likelihood to be greater than 1,000 members (Acosta Decl. ¶ 4), the amount in controversy under CAFA is satisfied. *See* Compl. at 18 (Prayer, requesting $5,000 per violation of BIPA). And under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). When aggregated, the statutory damages, the amount of attorneys' fees that class counsel may recover, and the cost of complying with Plaintiffs' requested injunctive relief easily exceeds CAFA's $5 million threshold.

D. **VENUE IS PROPER**

14. Venue is proper in this Court because Plaintiff filed the complaint in the Circuit Court of Cook County, Chancery Division, which is located in this District. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); 28 U.S.C. § 93(a) (providing that Cook County is part of the Northern District of Illinois, Eastern Division).

#156543867_v1

### E. REMOVAL IS TIMELY

15. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within thirty days of the defendant's receipt of service of the Summons and the Complaint. Albertsons accepted service and executed a waiver of service of the State Court Action on March 4, 2022. *See* Ex. 2. Following the executed waiver of service, Albertsons has 30 days to file a notice of removal. *See Video & Sound Serv., Inc. v. AMAG Tech., Inc.*, No. 12 C 7322, 2012 WL 6692165, at *2 (N.D. Ill. Dec. 19, 2012) (acknowledging that defendant had 30 days to file for removal where a defendant agrees to waive service of process). This Notice of Removal is accordingly timely.

### F. OTHER REQUIREMENTS FOR REMOVAL ARE MET

16. Counsel for Albertsons has entered an appearance in the State Court Action, but has not filed any responsive pleadings or any other papers responding to the complaint.

17. Pursuant to 28 U.S.C. § 1446(d), Albertsons will promptly give written notice of the filing of this Notice of Removal to all parties and will promptly file a written notice, along with a copy of this Notice of Removal, with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, Albertsons hereby removes the action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

Dated: April 4, 2022

Respectfully submitted,

NEW ALBERTSONS L.P.
(incorrectly named as NEW ALBERTSON'S INC. dba JEWEL OSCO)

By: /s/ William F. Farley
      One of Their Attorneys

William F. Farley (ARDC # 6305896)
Rachel C. Agius (ARDC # 6322386)

6

#156543867_v1

Holland & Knight LLP
150 North Riverside Plaza, Suite 2700
Chicago, Illinois 60606
312-263-3600
William.Farley@hklaw.com
Rachel.Agius@hklaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 4, 2022, a copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court through the CM/ECF system, and that copies of the same were served on counsel listed below by e-mail:

David Fish
Mara Baltabols
FISH POTER BOLAÑOS, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
dfish@fishlawfirm.com
mara@fishlawfirm.com
*Attorneys for Plaintiff*

/s/ William F. Farley

#156543867_v1