# EXHIBIT 5

# EMPLOYMENT-AT-WILL AND ARBITRATION AGREEMENT

In consideration of my employment and my employer's mutual promise to arbitrate the categories of claims for relief that fall within the scope of this Employment-At-Will And Arbitration Agreement (the "Agreement"), I agree as follows:

1. <u>At-Will Employment.</u>  I acknowledge that my employment at Capstone Logistics, LLC (hereafter the "Company," a term which shall include all parent, subsidiary, and affiliate entities, including but not limited to LMS Intellibound, Progressive Logistics Services, Pinnacle Workforce Logistics, and National Freight Handlers, and their owners, directors, officers, managers, employees, or agents) is at-will, shall be for no specific duration, and may be terminated at the will of me or the Company.  Both I and the Company have the right to terminate my employment at any time, with or without cause or prior notice.  I acknowledge that employment at-will is the sole and entire agreement between myself and the Company concerning the duration of my employment and the circumstances under which my employment may be terminated.  This Agreement supersedes all prior agreements, understandings, and representations (whether written or oral) concerning the duration of my employment with the Company and/or the circumstances under which my employment may be terminated.  My employment-at-will status may only be changed in a written document signed by the Chief Executive Officer of the Company.

2. <u>Agreement To Arbitrate.</u>  Both I and the Company agree to use binding arbitration, instead of going to court, as the sole and exclusive means to resolve any "Covered Claims" that arise or have arisen between me and the Company.  I understand and agree that arbitration is the only forum for resolving Covered Claims and that both I and the Company are waiving and relinquishing our respective rights to trial before a judge or jury in federal or state court in favor of arbitration.  **I understand that my continued employment with the Company is deemed to be acceptance of this Agreement to Arbitrate**.

3. <u>Covered Claims.</u>   Covered Claims under this Agreement are any claim, dispute, and/or controversy that I may have against the Company, or that the Company may have against me, whether based on tort, contract, statute (including, but not limited to, any claims of discrimination, harassment, retaliation, leave, and/or unpaid wages, whether they be based on Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family Medical Leave Act, the Fair Labor Standards Act, or any other similar federal, state, or local law or regulation which may apply to the parties' employment relationship), equitable law, or otherwise.  Covered Claims include but are not limited to any claim, dispute, and/or controversy that may arise out of or be related in any way to my employment, including but not limited to the termination of my employment and my compensation.  Covered Claims also specifically include but are not limited to any claim, dispute, and/or controversy that I may have against, or that may be related in any way to the services I or the Company provides to, the Company's business partners or customers and their employees.

4. <u>Excluded Claims.</u>  The only exceptions to the requirement of binding arbitration shall be for "Excluded Claims."  Excluded Claims are claims for medical and disability benefits, claims for workers' compensation, claims for unemployment benefits, claims asking for emergency or temporary injunctive relief in a court of law in accordance with applicable law (however, after the court has issued a ruling concerning the emergency or temporary injunctive relief, the Company and I are required to submit the dispute to arbitration pursuant to this Agreement), or other claims that are not subject to arbitration under current law.  I and the Company acknowledge that through this Agreement, I make no representation or demonstration of support or rejection of concerted

activity.  Nothing herein shall prevent me from filing and pursuing proceedings before the United States Equal Employment Opportunity Commission, Department of Labor, and National Labor Relations Board or comparable state agencies, but I understand that I am giving up the opportunity to recover monetary amounts from such proceedings.  In other words, I must pursue any claim for monetary relief for Covered Claims through arbitration under this Agreement.

      5.      <u>Waiver of Class and Collective Claims</u>.  I and the Company agree that Covered Claims will be arbitrated only on an individual basis.  All claims subject to this Agreement shall be brought in the individual capacity of myself or the Company, and shall be brought in the county in which the dispute arose (unless the parties mutually agree otherwise). This Agreement shall not be construed to allow or permit the consolidation or joinder of other claims or controversies involving any other employees or parties, or permit such claims or controversies to proceed as a class or collective action.  No arbitrator shall have the authority under this Agreement to order any class or collective action.  I and the Company agree to waive any substantive or procedural rights that we may have to participate in, bring, or receive monetary or other relief from any action on a class or collective basis against each other.

      6.      <u>Internal Dispute Resolution</u>.  I and the Company value our working relationship, and we acknowledge that addressing issues or concerns internally may help address concerns more efficiently.  We agree that we prefer to address any concerns through workplace channels, including by raising concerns with each other, to attempt to resolve any concerns informally before filing for arbitration.  In this regard, both the Company and I understand that use of arbitration is intended to be a last resort.

      7.      <u>Rules For Arbitration</u>.  To file a demand for arbitration, the party desiring to pursue a legal dispute must prepare a written demand setting forth the claim(s).  The employment dispute resolution rules of the American Arbitration Association ("AAA") will apply.  The current version can be found here:  [https://adr.org/employment](https://adr.org/employment).  I and the Company will be entitled to take discovery as provided by the employment dispute resolution rules of the AAA.

      8.      <u>Selection of Neutral Arbitrator</u>.  The arbitrator shall be selected in accordance with the employment dispute resolution rules of the AAA.  The arbitrator shall be neutral.

      9.      <u>Arbitrator's Authority</u>.  The arbitrator shall have the immunity of a judicial officer from civil liability when acting in the capacity of an arbitrator, which immunity supplements any other existing immunity. The arbitrator shall issue a decision in writing, setting forth the reasons and the legal basis for the arbitrator's determination.   The arbitrator shall resolve all disputes based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis (including but not limited to, notions of "just cause") other than such controlling law.  The arbitrator shall have the authority to award the same damages and other relief to me and the Company that would have been available in court pursuant to applicable law.  Judgment on the arbitrator's award may be entered in any court having jurisdiction over the matter.

      10.      <u>Costs</u>.  I understand the Company shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator.  Each side shall pay its own costs and attorneys' fees, if any, unless the arbitrator rules otherwise in accordance with applicable law.  If the applicable law affords the prevailing party attorney fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

      11.      <u>Company's Agreement.</u>  By presenting me with this Agreement, the Company has agreed to the terms of this Agreement.

12. <u>Entire Agreement & Savings Clause</u>.  This is the entire agreement between myself and the Company regarding dispute resolution, the length of my employment, and the reasons for termination of my employment, and this Agreement supersedes any and all prior agreements regarding these issues. Oral representations or agreements made before or after my employment do not alter this Agreement.  If any term, provision or portion of this Agreement is determined to be void or unenforceable it shall be severed and the remainder of this Agreement shall be fully enforceable; provided, however, that if the waiver of class and collective claims is found to be unenforceable, then any claim brought on a class, collective or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims.

13. <u>Condition of Employment</u>.  This Agreement is a condition of my employment with the Company.  By commencing and/or continuing employment with the Company, I am agreeing to this Agreement.  I acknowledge that I have carefully read this Agreement, that I understand its terms, and that I have entered into this Agreement voluntarily and not in reliance on any promises or other representations by the Company.

14. <u>Controlling Law</u>.  The Company and I agree that this Agreement is made pursuant to and shall be governed under the Federal Arbitration Act.

# ACUERDO DE EMPLEO VOLUNTARIO Y ARBITRAJE

En contraprestación por mi empleo y la promesa mutua de mi empleador de arbitrar las categorías de reclamos de indemnización contempladas dentro del alcance de este Acuerdo de empleo voluntario y arbitraje (el "Acuerdo"), acepto lo siguiente:

1. <u>Empleo voluntario.</u> Reconozco que mi empleo en Capstone Logistics, LLC (en adelante, la "Compañía", un término que incluirá a toda casa matriz, subsidiaria y afiliada, incluidas, entre otras, LMS Intellibound, Progressive Logistics Services, Pinnacle Workforce Logistics y National Freight Handlers, y sus propietarios, directores, funcionarios, empleados o agentes) es voluntario, no tendrá una duración específica y puede finalizar por voluntad mía o de la Compañía. Tanto yo como la Compañía tenemos derecho de finalizar el empleo en cualquier momento, con o sin causa o aviso previo. Reconozco que el empleo voluntario representa el acuerdo exclusivo o total entre la Compañía y yo con respecto a la duración de mi empleo y las circunstancias en que este puede terminarse. Este Acuerdo reemplaza todos los acuerdos, entendimientos y declaraciones anteriores (por escrito o en forma oral) con respecto a la duración de mi empleo en la Compañía y/o las circunstancias en que este puede terminarse. Mi condición de empleo voluntario solo puede modificarse mediante un documento escrito firmado por el Director Ejecutivo de la Compañía.

2. <u>Acuerdo de arbitraje.</u> Tanto yo como la Compañía aceptamos recurrir al arbitraje vinculante, en lugar de los tribunales, como el único y exclusivo medio de resolver todo "Reclamo cubierto" que surgiera o haya surgido entre nosotros. Comprendo y acepto que el arbitraje es el único foro para resolver los Reclamos cubiertos y que tanto yo como la Compañía renunciamos a nuestros respectivos derechos de iniciar acciones legales ante un juez o jurado en los tribunales federales o estatales a favor del arbitraje. **Comprendo que seguir trabajando en la Compañía se considera mi aceptación de este Acuerdo de arbitraje.**

3. <u>Reclamos cubiertos.</u> Los Reclamos cubiertos conforme a este Acuerdo son cualquier reclamo, disputa y/o controversia que yo pudiera tener contra la Compañía o que la Compañía pudiera tener contra mí, ya sea extracontractual, contractual, fundamentada en las leyes (incluidos, sin limitación, los reclamos por discriminación, acoso, represalias, licencias y/o sueldos impagos, basados en el Título VII de la Ley de derechos civiles de 1964 y sus enmiendas, la Ley contra discriminación laboral por edad, las Leyes de trabajo equitativo o cualquier otra ley o reglamentación federal, estatal o local similar que pudiera aplicarse a la relación laboral de las partes), en leyes del sistema del Equity o de otro tipo. Los Reclamos cubiertos incluyen, sin limitación, todo reclamo, disputa y/o controversia que pudiera surgir de mi empleo o estar relacionado con este, incluidos, entre otros, la finalización del empleo y mi remuneración. Los Reclamos cubiertos también incluyen específicamente, sin limitación, cualquier reclamo, disputa y/o controversia que pudiera tener contra los socios comerciales o clientes de la Compañía y sus empleados o que pudiera estar relacionado de cualquier manera con los servicios que yo o la Compañía les prestamos a estos.

4. <u>Reclamos excluidos.</u> Las únicas excepciones a la exigencia del arbitraje vinculante son los "Reclamos excluidos". Los Reclamos excluidos son reclamos por beneficios médicos y de discapacidad, reclamos por compensación para trabajadores, reclamos por beneficios de desempleo, reclamos para solicitar órdenes judiciales de emergencia o temporales en un tribunal de conformidad con las leyes aplicables (sin embargo, después de que el tribunal haya emitido una orden judicial, la Compañía y yo debemos someter la disputa a arbitraje de conformidad con este Acuerdo) y otros reclamos que no están sujetos a arbitraje conforme a las leyes vigentes. Yo y la Compañía reconocemos que por medio de este Acuerdo

no declaro ni demuestro apoyo ni rechazo de la actividad acordada. Ninguna parte de este Acuerdo impedirá presentar y llevar adelante procedimientos ante la Comisión de Oportunidades Igualitarias de Empleo del Departamento de Trabajo de los Estados Unidos y la Comisión Nacional de Relaciones Laborales u organismos comparables, pero comprendo que estoy renunciando a la oportunidad de recuperar sumas monetarias de tales procedimientos. En otras palabras, debe presentar cualquier reclamo de compensación monetaria por Reclamos cubiertos a través del arbitraje conforme a este Acuerdo.

5. <u>Renuncia a reclamos de clase y colectivos</u>. La Compañía y yo acordamos que los Reclamos cubiertos serán arbitrados en forma individual. Todo reclamo conforme a este Acuerdo deberá ser presentado de manera individual por mí o por la Compañía, y deberá presentarse en el condado donde haya surgido la disputa (a menos que acordemos mutuamente lo contrario). Este Acuerdo no permite ni deberá interpretarse que permite la consolidación o unificación de otros reclamos o controversias que involucren a cualquier otro empleado o parte, ni permite que dichos reclamos o controversias se tramiten como demanda de clase o colectiva. Ningún árbitro tendrá autoridad conforme a este Acuerdo para ordenar demandas de clase o colectivas. La Compañía y yo aceptamos renunciar a cualquier derecho sustantivo o procedimental que pudiéramos tener de participar, iniciar o recibir compensación monetaria o de otro tipo en relación con una demanda de clase o colectiva contra la otra parte.

6. <u>Resolución interna de disputas</u>. La Compañía y yo valoramos nuestra relación laboral y reconocemos que solucionar los problemas o inquietudes internamente puede ayudar a una resolución más eficiente de los problemas. Acordamos que preferimos resolver los problemas por medio de los canales dentro del lugar de trabajo, lo que incluye presentar quejas uno a otro, a fin de intentar resolver los problemas informalmente antes de someterlos a arbitraje. En este aspecto, la Compañía y yo comprendemos que el uso de arbitraje está previsto como último recurso.

7. <u>Reglas del arbitraje</u>. Para presentar una demanda de arbitraje, la parte que desee dirimir una disputa legal debe preparar una demanda por escrito donde explique el (los) reclamo(s). Se aplicarán las reglas de resolución de disputas laborales de la Asociación Estadounidense de Arbitraje (American Arbitration Association, "AAA"). La versión vigente puede encontrarse aquí: https://adr.org/employment. La Compañía y yo tendremos derecho de presentar pruebas según lo establezcan las reglas de resolución de disputas laborales de la AAA.

8. <u>Selección del árbitro neutral</u>. El árbitro se seleccionará de acuerdo con las reglas de resolución de disputas laborales de la AAA. El árbitro deberá ser neutral.

9. <u>Autoridad del árbitro</u>. El árbitro tendrá la inmunidad de un funcionario judicial en cuanto a la responsabilidad civil cuando actúe como árbitro, la cual se complementará con cualquier otra inmunidad existente. El árbitro deberá emitir un dictamen por escrito, donde establezca los motivos y el fundamento legal de su determinación. El árbitro debe resolver todas las disputas exclusivamente sobre la base de las leyes que rigen los reclamos y las defensas argumentadas, y no puede invocar ningún otro fundamento (inclusive, sin limitación, nociones de "justa causa") diferente de dichas leyes aplicables. El árbitro tendrá autoridad para disponer la misma indemnización y otra compensación en favor mío y de la Compañía que hubiera estado disponible en los tribunales conforme a la ley aplicable. La decisión del laudo del árbitro puede archivarse en cualquier tribunal competente en la materia.

10. <u>Costos</u>. Comprendo que la Compañía deberá pagar los costos exclusivamente atribuibles al arbitraje, incluidos las tarifas y costos administrativos del árbitro. Cada lado deberá pagar sus propios costos y honorarios de abogados, si hubiere, a menos que el árbitro determine lo contrario de conformidad con las leyes aplicables. Si las leyes aplicables contemplan el pago de los honorarios de abogados y costos de la parte vencedora, el árbitro debe aplicar las mismas normas que aplicaría un tribunal para adjudicar dichos honorarios y costos.

11. <u>Acuerdo de la Compañía.</u> Al presentarme este Acuerdo, la Compañía ha aceptado los términos de este Acuerdo.

12. <u>Acuerdo total y cláusula de divisibilidad</u>. El presente representa el acuerdo total entre la Compañía y yo con respecto a la resolución de disputas, la duración de mi empleo y los motivos para finalizar mi empleo, y este Acuerdo reemplaza todo otro acuerdo anterior con respecto a estos temas. Las declaraciones orales o acuerdos realizados antes o después de mi empleo no alteran este Acuerdo. Si se determina que cualquier término, disposición o parte de este Acuerdo es inválido o inexigible, este deberá separarse y el resto del Acuerdo será completamente exigible; sin embargo, si se determina que la renuncia a las demandas de clase o colectivas es inexigible, cualquier reclamo presentado en una demanda de clase, colectiva o representativa debe hacerse ante un tribunal de jurisdicción competente, y dicho tribunal será el único foro para dirimir dichos reclamos.

13. <u>Condición del empleo</u>. Este Acuerdo es una condición de mi empleo en la Compañía. Si comienzo y/o continúo mi empleo en la Compañía estoy aceptando este Acuerdo. Confirmo que he leído atentamente este Acuerdo, que comprendo sus términos y que celebré voluntariamente este Acuerdo y no a cambio de promesas u otras declaraciones de la Compañía.

14. <u>Ley aplicable</u>. La Compañía y yo aceptamos que este Acuerdo se celebra de conformidad con la Ley federal de arbitraje y se regirá por esta.