# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN GOREE,<br>Individually and on behalf all others similarly<br>situated,<br><br>    Plaintiff,<br><br>v.<br><br>NEW ALBERTSONS L.P.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:22-cv-01738 |

## STIPULATION OF CLASS ACTION SETTLEMENT

This Stipulation of Class Action Settlement is entered into by and among Plaintiff Bryan

Goree ("Plaintiff"), for himself individually and on behalf of the Settlement Class, and

Defendant New Albertsons L.P. ("Defendant") (Plaintiff and Defendant are referred to

individually as a "Party" and collectively referred to as the "Parties"). This Settlement

Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle

the Released Claims upon and subject to the terms and conditions hereof, and is subject to the

approval of the Court.

## RECITALS

On January 24, 2022, Plaintiff filed a putative class action complaint against Defendant

in the Circuit Court of Cook County, Illinois, alleging a claim for damages and an injunction

under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"), allegedly

arising from Defendant's use of a Vocollect order picking system at its distribution center in

Illinois (the "Action")[1]. Subsequently, Defendant removed the Action to the United States

---

[1] The Parties acknowledge that in the Action, Defendant was incorrectly named as "New Albertson's Inc. d/b/a Jewel Osco." The proper party defendant in the Action is New Albertsons L.P.

District Court for the Northern District of Illinois, on April 5, 2022 where it was assigned to the Honorable Martha M. Pacold.

Following arms-length negotiations, the Parties have agreed to enter into this Settlement Agreement. Plaintiff and Class Counsel have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiff and the Settlement Class recognizing: (i) the existence of complex and contested issues of law and fact; (ii) the risks inherent in litigation; (iii) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (iv) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation, and the expense thereof, as well as the potential of no recovery whatsoever.

Defendant has denied and continues to deny all allegations of wrongdoing or liability for the claims asserted in the Action. Neither the fact of this Settlement, nor of the Settlement Agreement, nor any other Settlement documents, including the previously executed Settlement Term Sheet and communications in relation to the Settlement, shall be offered, used or received in this case for any purpose other than seeking approval of and effectuating the Settlement, or offered, used or received in any other case or proceeding for any purpose, whether as an argument, admission, concession, evidence or otherwise, including, but not limited to, relating to the validity of any claim or defense that was or could have been asserted in the Action, the truth of any fact alleged by any Party, or the appropriateness of class certification, or as evidence of any admission by Defendant of any liability with respect to any claim for damages or other relief, or of any admission by Plaintiff that he would not have prevailed on liability on any of his claims. Any representation that could be construed as a stipulation or admission by Defendant or

2

Plaintiff contained in any document pertaining to the Settlement is made for settlement purposes only. In the event the Court does not enter the Final Approval Order and Judgment, nothing contained herein shall be construed as a waiver by Defendant of any arguments against class certification, liability, and relief in this Action or any other case or proceeding, or by Plaintiff of his contention that class certification is appropriate in the Action or in any other case or proceeding. Defendant does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement. If the Court does not enter the Final Approval Order and Judgment, or if for any other reason final approval of the Settlement does not occur, including, without limitation, because the Settlement Agreement is lawfully terminated, is successfully objected to, or successfully challenged on appeal, any certification of the Settlement Class will be vacated and deemed null and void, the Parties will be returned to their positions with respect to the Action as if the Settlement Agreement had not been entered into, and the fact of certification shall not be cited by the Parties, used on behalf of any Party for any purpose, or be admissible in any proceeding for any purpose or with respect to any issue, substantive or procedural, including, but not limited to, whether any group of individuals exists to maintain a class action under Illinois law, Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules.

The Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests, and the best interest of the Settlement Class, considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement.

In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged,

it is agreed by and among the undersigned that the Action be fully and finally settled and compromised, that the Releasors release the Released Parties of the Released Claims, and that the Action be dismissed with prejudice, subject to the approval of the Court, on the following terms and conditions.

## AGREEMENT

### 1. DEFINITIONS

As used herein, in addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

1.1    **"Action"** means the case captioned *Brian Goree v New Albertsons L.P.* Case No. 2022-CV-10738 (N.D. Ill.).

1.2    **"Agreement"** or **"Settlement Agreement"** means this Stipulation of Class Action Settlement.

1.3    **"Class Counsel"** means attorneys David Fish and Mara Baltabols of Fish Potter Bolaños PC.

**1.4**    **"Class Period"** means March 1, 2018 through October 17, 2022.

1.5    **"Class Representative"** means the named Plaintiff in the Action, Bryan Goree.

1.6    **"Court"** means the United States District Court for the Northern District of Illinois, Eastern Division.

1.7    **"Defendant"** or **"Albertsons"** means New Albertsons L.P.

1.8    **"Defendant's Counsel"** or **"Albertsons's Counsel"** means attorneys William Farley and Rachel Agius of Holland & Knight LLP.

1.9    **"Effective Date"** means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Judgment; (ii) if there is an

4

appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Judgment.

1.10 **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation. The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (a) demand deposit accounts and/or (b) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. Any interest earned on the Escrow Account shall inure to the benefit of the Settlement Class as part of the Settlement Payment, if practicable. The Settlement Administrator shall be responsible for all tax filings with respect to the Escrow Account.

1.11 **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel to be paid out of the Settlement Fund.

1.12 **"Final Approval Hearing"** means the hearing before the Court where the Plaintiff will request that the Final Judgment be entered by the Court finally approving the Settlement as fair, reasonable and adequate, and approving the Fee Award and the incentive award to the Class Representative.

1.13    "**Final Judgment**" means the final judgment to be entered by the Court approving the settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing.

1.14    "**Notice**" means the notice of this proposed Settlement and Final Approval Hearing, which is to be disseminated to the Settlement Class substantially in the manner set forth in this Settlement Agreement, fulfills the requirements of Due Process and Federal Rule of Civil Procedure 23, and is substantially in the form of Exhibit A attached hereto.

1.15    "**Notice Date**" means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than twenty-eight (28) days after entry of Preliminary Approval.

1.16    "**Objection/Exclusion Deadline**" means the date by which a written objection to the Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be filed with the Court and/or postmarked, which shall be designated as a date forty-two (42) days after the Notice Date, as approved by the Court. The Objection/Exclusion Deadline will be set forth in the Notice.

1.17    "**Person**" shall mean without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.18    "**Plaintiff**" means Brian Goree.

6

1.19    **"Preliminary Approval"** means the Court's Order preliminarily approving the Agreement, certifying the Settlement Class for settlement purposes, and approving the form and manner of the Notice.

1.20    **"Released Claims"** means any and all past and present claims or causes of action whatsoever, of every kind, nature, or description, whether in law or in equity, known or unknown, that were or could have been asserted in the Action arising from or relating to Defendant's alleged collection, possession, capture, purchase, receipt through trade, obtaining, sale, profit from, disclosure, redisclosure, dissemination, storage, transmittal, and/or protection from disclosure of alleged biometric information or biometric identifiers through the use of Vocollect technology at Defendant's Illinois facilities, including any violation of the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA")*,* or any other federal, state or common law relating to the collection, capture, receipt or disclosure of voiceprints or other biometric identifiers or biometric information by Defendant at issue in the Action.

1.21    **"Released Parties"** means Defendant, New Albertson's, Inc. n/k/a New Albertsons L.P., Jewel Food Stores, Inc., American Drug Stores, Inc., Jewel-Osco and their past or present and/or each of their respective past, present or future affiliated companies, parents, subsidiaries, divisions, banners, shareholders, board members, officers, directors, employees, agents, affiliates, servants, registered representatives, attorneys, insurers, predecessors, successors, and assigns.

1.22    **"Releasing Parties"** means Plaintiff and Settlement Class Members and each of their predecessors, successors, heirs, executors, administrators, beneficiaries, conservators, and assigns of each of the foregoing, and anyone claiming by, through, under, in concert with, or on behalf of them.

7

1.23    "**Settlement Administration Expenses**" means the expenses reasonably incurred by the Settlement Administrator in or relating to administering the Settlement, providing Notice, mailing checks for Settlement Payments, other such related expenses, with all such expenses to be paid from the Settlement Fund.

1.24    "**Settlement Administrator**" means Analytics Consulting LLC, subject to approval of the Court, which will provide the Notice and sending of Settlement Payments to Settlement Class Members.

1.25    "**Settlement Class**" means All individuals who used the Vocollect voice technology at the Released Parties' distribution center in Illinois between March 1, 2018 and October 17, 2022. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) individuals that worked at a Released Parties' distribution center in Illinois who were members of a labor union; (4) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (5) the legal representatives, successors or assigns of any such excluded persons.

1.26    "**Settlement Class Member**" or "**Class Member**" means a person who falls within the definition of the Settlement Class and who does not submit a valid request for exclusion from the Settlement Class.

1.27    "**Settlement Fund**" means the amount paid by Defendant into the Escrow Account which shall be $1,076,075. This amount is based upon $1,075.00 per Class Member and assumes a class size of 1,001. The Settlement Fund shall be used to pay (1) all payments to Settlement Class members, (2) notice and administration costs, (3) an incentive award of no

more than $7,500.00 to the Plaintiff to be decided by the Court, and (4) reasonable attorneys' fees and costs to be decided by the Court. The Settlement Fund represents the total extent of the Defendant's monetary obligations under the Settlement Agreement. The Defendant shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund, as provided for herein. Defendant also shall have no obligation to set aside or otherwise segregate funds or create a special account to hold the Settlement Fund and shall not pay the Settlement Fund until such time as detailed in this Agreement.

     1.28   "**Settlement Payment**" means a pro rata amount of the Settlement Fund by check in the mail or an electronic payment method of their choosing (e.g., wire, PayPal, Venmo, Zelle), after notice costs, an incentive award, and reasonable attorneys' fees and costs are deducted. No claims procedure will be required.

     1.29   "**Unknown Claims**" means claims that could have been raised in the Action and that Plaintiff, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, to object or not to object to the Settlement. Upon the Effective Date, Plaintiff, the Settlement Class, and the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

     A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

9

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Plaintiff, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims or the Action, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Section.

## 2. SETTLEMENT RELIEF

### 2.1 **Settlement Payments to Settlement Class Members**.

    a.    The Settlement Administrator shall send each Settlement Class Member a Settlement Payment by check, or an electronic payment method of their choosing (e.g., wire, PayPal, Venmo, Zelle), from the Settlement Fund within twenty-eight (28) days of the Effective Date via First Class U.S. Mail to their last known mailing address, as updated through the NCOA database by the Settlement Administrator. No claims procedure will be required. Defendant shall provide the last known name and address for each member of the Settlement Class.

    b.    All Settlement Payments will state on the face of the check that the check will expire and become null and void unless cashed within 180 days after the date of issuance.

    c.    To the extent that a check or electronic payment issued to a Settlement Class Member is not cashed or processed within 180 days after the date of issuance, those

funds will be re-distributed to Settlement Class members who cashed their checks or successfully received their electronic payments, if feasible and in the interests of the Settlement Class. If re-distribution is not feasible or if residual funds remain after re-distribution, such funds will revert to the Albertsons Companies Foundation or such other *cy pres* selected by the court and will not be considered residual funds under 735 ILCS 5/2-807. Defendant shall not be liable for any claims or disputes relating to uncashed checks.

2.2     **Prospective Relief.** Without admitting liability or that it was required by law to do so, Defendant agrees that it shall not collect biometric data, including voiceprint data, from persons in Illinois without compliance with BIPA going forward.

2.3     **RELEASE**

**3.**     **The Release.** Upon the date of any final judgment, Plaintiff, each Settlement Class member, and each of their predecessors, successors, heirs, executors, administrators, beneficiaries, conservators, and assigns of each of the foregoing, and anyone claiming by, through, under, in concert with, or on behalf of them, will be deemed to have released and forever discharged Defendant, New Albertson's, Inc. n/k/a New Albertsons L.P., Jewel Food Stores, Inc., American Drug Stores, Inc., Jewel-Osco and their past or present and/or each of their respective past, present or future affiliated companies, parents, subsidiaries, divisions, banners, shareholders, board members, officers, directors, employees, agents, affiliates, servants, registered representatives, attorneys, insurers, predecessors, successors and assigns (the "Released Parties"), from any and all past and present claims or causes of action whatsoever, of every kind, nature, or description, whether in law or in equity, known or unknown, that were or could have been asserted in the Action arising from or relating to Defendant's alleged collection,

11

possession, capture, purchase, receipt through trade, obtaining, sale, profit from, disclosure, redisclosure, dissemination, storage, transmittal, and/or protection from disclosure of alleged biometric information or biometric identifiers through the use of Vocollect technology at Defendant's Illinois facilities, including any violation of the Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"), or any other federal, state or common law relating to the collection, capture, receipt or disclosure of voiceprints or other biometric identifiers by Defendant at issue in the Action (the "Released Claims").

## 4. NOTICE TO THE CLASS

4.1     The Notice shall include:

a.     *Class List*. Defendant shall provide the Settlement Administrator a list of all names and last known U.S. mail addresses of all persons in the Settlement Class (the "Class List") as soon as practicable, but by no later than twenty-one (21) days after the execution of this Agreement by all of the parties. The Class List may not be used for any purpose other than mailing Settlement Payments, and otherwise effectuating the terms of the Settlement Agreement or the duties arising thereunder, including the provision of Notice of the Settlement.

b.     *Direct Notice.*  The notice plan shall include direct notice via U.S. Mail and e-mail and a settlement website. No later than the Notice Date, the Settlement Administrator shall mail a mutually agreed-upon notice of the Settlement and claim form to all persons appearing on the Class List. The notice will contain a toll-free number that Settlement Class Members can call with questions about the Settlement or their eligibility to receive a monetary payment.  The Settlement Administrator shall also perform one

skip trace only on returned mail and shall send a second notice mailing to a second address for anyone identified with a second address by either the post office or the skip trace.

**Right to Object or Comment.** Any Settlement Class Member who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the Settlement Class, (c) the specific grounds for the objection, including all citations to legal authority and evidence supporting the objection, (d) all documents or writings that the Settlement Class Member desires the Court to consider, (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (f) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). All written objections must be filed with the Court and postmarked, e-mailed or delivered to Class Counsel and Defendant's Counsel no later than the Objection/Exclusion Deadline. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to

13

have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

1.30 **Right to Request Exclusion.** Settlement Class Members shall be allowed 60 days from sending of the notice to submit a claim form or to opt-out of the Settlement Class. Any person in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name; (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be physically signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. Each request for exclusion must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class in *Goree v New Albertsons L.P.* Case No. 2022-CV-10738 (N.D. Illinois)." A request for exclusion that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked or delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. Any person who elects to request exclusion from the Settlement Class shall not (a) be bound by any orders or Final Judgment entered in the Action, (b) receive a Settlement Payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

## 5. SETTLEMENT ADMINISTRATION

14

5.1    **Settlement Administrator's Duties.**

a.      *Dissemination of Notices.* The Settlement Administrator shall disseminate the Notice as provided in Section 4 of this Settlement Agreement.

b.      *Maintenance of Records.* The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration and implementation of the Settlement.

c.      *Receipt of Requests for Exclusion.* The Settlement Administrator shall receive requests for exclusion from Persons in the Settlement Class and provide to Class Counsel and Defendant's Counsel a copy thereof within five (5) days of the Objection/Exclusion Deadline. If the Settlement Administrator receives any requests for exclusion or other requests from Settlement Class Members after the deadline for the submission of requests for exclusion, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel.

e.      *Timing of Settlement Payments.* The Settlement Administrator shall make all Settlement Payments contemplated in Section 2 of this Settlement Agreement by check and mail them to Settlement Class Members within twenty-eight (28) days after the Effective Date.

## 6. PRELIMINARY APPROVAL AND FINAL APPROVAL

6.1     **Preliminary Approval.** Promptly after execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and shall move the Court to enter an order granting Preliminary Approval, which shall include, among other provisions, a request that the Court:

       a.     Appoint Plaintiff as Class Representative of the Settlement Class;

       b.     Appoint Class Counsel to represent the Settlement Class;

       c.     Certify the Settlement Class under Federal Rule of Civil Procedure 23, for settlement purposes only;

       d.     Preliminarily approve this Settlement Agreement for purposes of disseminating Notice to the Settlement Class;

       e.     Approve the form and contents of the Notice and the method of its dissemination to members of the Settlement Class; and

       f.     Schedule a Final Approval Hearing to review comments and/or objections regarding this Settlement Agreement, to consider its fairness, reasonableness and adequacy, to consider whether the Court shall issue a Final Judgment approving this Settlement Agreement, to consider Class Counsel's application for the Fee Award and the incentive award to the Class Representative, and dismissing the Action with prejudice.

6.2     Defendant's agreement as to certification of the Settlement Class is solely for purposes of effectuating the Settlement and no other purpose. Defendant retains all of its objections, arguments, and defenses with respect to class certification and any other issue, and reserves all rights to contest class certification and any other issue if the Settlement set out in this Agreement does not result in entry of the Final Approval Order and Final Judgment, if the

Court's approval is reversed or vacated on appeal, if this Settlement is terminated as provided herein, or if the Settlement set forth in this Settlement otherwise fails to become effective. The Parties acknowledges that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement is not finally approved, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void ab initio, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Class, or in support of an argument for certifying any class for any purpose related to this Action or any other proceeding.

6.3 **Final Approval.** After Notice to the Settlement Class is given, Class Counsel shall move the Court for entry of a Final Judgment, which shall include, among other provisions, a request that the Court:

a. find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

b. approve the Settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement according to its terms and conditions; and declare the Settlement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties;

17

c.      find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (4) fulfills the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

d.      find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

e.      dismiss the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

f.      incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

g.      permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims;

h.      authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all Exhibits to this Settlement Agreement) that

(i) shall be consistent in all material respects with the Final Judgment, and (ii) do not limit the rights of Settlement Class Members; and

      i.      without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose.

6.4     **Cooperation.** The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

## 7. TERMINATION OF THE SETTLEMENT AGREEMENT

7.1     **Termination.** Subject to Paragraph 9 below, the Class Representative, on behalf of the Settlement Class, or Defendant, shall have the right to terminate this Agreement by providing written notice of the election to do so to all other Parties hereto within ten (10) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant Final Approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1 of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

## 8. INCENTIVE AWARD AND CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

8.1     Defendant agrees that Class Counsel is entitled to reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award. The amount of the Fee Award

shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees to one third of the Settlement Fund plus unreimbursed costs. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Settlement Fund and be distributed to Settlement Class Members as Settlement Payments including but not limited to W-9 forms.

8.2     Class Counsel shall be paid the Fee Award within ten (10) business days after the Effective Date, in an amount determined by the Court, from the Settlement Fund. Payment of the Fee Award shall be made via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

8.3     Defendant agrees that the Class Representative shall be paid an incentive award of no more than the amount of Five Thousand Dollars ($7,500.00) from the Settlement Fund, in addition to any Settlement Payment pursuant to this Settlement Agreement and in recognition of his efforts on behalf of the Settlement Class, subject to Court approval. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Escrow Account and be distributed to Settlement Class Members as Settlement Payments. Any award shall be paid from the Escrow Account (in the form of a check to the Class Representative that is sent care of Class Counsel) within ten (10) business days after the Effective Date.

9.     **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1     The Effective Date shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

a.     This Agreement has been signed by the Parties, Class Counsel and Defendant's Counsel;

b.     The Court has entered an order granting Preliminary Approval of the Agreement;

c.     The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Settlement Agreement that has become final and unappealable; and

d.     In the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") to which the Parties have consented, that Alternative Judgment has become final and unappealable.

9.2     The Settlement is conditioned upon preliminary and final approval of the Parties'

written Settlement Agreement, and all terms and conditions thereof without material change,

material amendments, or material modifications by the Court (except to the extent such changes,

amendments, or modifications are agreed to in writing between the Parties or as otherwise set

forth herein). All Exhibits attached hereto are incorporated into this Settlement Agreement.

Accordingly, any Party may elect to terminate and cancel this Settlement Agreement within ten

(10) days of any of the following events:

        a.     This Settlement Agreement is changed in any material respect, as
interpreted by either Party (except as detailed further herein), to which the Parties
have not agreed in writing;

        b.     The Court refuses to grant Preliminary Approval of this Agreement
in any material respect;

        c.     The Court refuses to grant Final Approval of this Agreement in any
material respect; or

        d.     The Court refuses to enter a final judgment that enters the Final
Approval Order in this Action in any material respect.

The Defendant also shall have the right, in its sole discretion, to withdraw from the Settlement

Agreement if 20% or more proposed Settlement Class Members exclude themselves from the

Settlement. If the Defendant wishes to exercise this right, it may do so by giving notice to Class

Counsel within ten (10) days of the Settlement Administrator providing Class Counsel and

Defendant's Counsel a written list reflecting all timely and valid exclusions from the Settlement

Class. In such circumstance, the Defendant shall have no further obligation under the Agreement.

9.3     If this Settlement Agreement is terminated or fails to become effective for the

reasons set forth above, the Parties shall be restored to their respective positions in the Action as

of the date of the signing of this Agreement. In such event, any Final Judgment or other order

entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Settlement Agreement had never been entered into, and the Parties will negotiate in good faith to propose a new schedule for the Action.

## 10.     MISCELLANEOUS PROVISIONS.

10.1    The Settlement Administrator shall not provide the list identifying Settlement Class Members and their last-known home addresses to Class Counsel.  To the extent Class Counsel learns the identity of and/or last-known home address of any Settlement Class Member(s) in connection with the Settlement Administration process, including but not limited to by Class Counsel being contacted by any Settlement Class Member(s) based on such Settlement Class Member(s) receiving Class Counsel's contact information on the Class Notice and/or Claim Form, Class Counsel shall not use that information for any purpose other than assisting Settlement Class Member(s) with the Settlement Administration process in this Lawsuit.  Class Counsel shall not use information obtained through the Settlement Administration process regarding the identity of and/or last-known home address of any Settlement Class Member(s) to solicit or notify any such Settlement Class Member(s) about any other currently-pending or future actions that such Settlement Class Member(s) may be able to join and/or bring.  Nothing in this Memorandum of Understanding or the Settlement Agreement shall restrict Class Counsel's ability and right to represent any Settlement Class Member(s) in any other currently-pending or future action in the event that such Settlement Class Member(s) independently approaches Class Counsel, without solicitation from Class Counsel, seeking representation in connection with their potential rights to assert claims against any entity.

10.2    Defendant represents that based on its present investigation of its records, there are 1,001 members in the Settlement Class. Defendant shall provide appropriate confirmatory discovery regarding the size of the Settlement Class in the form of an affidavit executed by an individual with personal knowledge of the methodologies used to determine the class size.

10.3    The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of an order granting Preliminary Approval of this Agreement and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

10.4    Each signatory to this Agreement represents and warrants (a) that he, she, or it has all requisite power and authority to execute, deliver and perform this Settlement Agreement and to consummate the transactions contemplated herein, (b) that the execution, delivery and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

10.5    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to

assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

10.6     The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.7     Whether the Effective Date occurs or this Settlement is terminated, neither this Settlement Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the settlement:

a.     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b.     is, may be deemed, or shall be used, offered or received against Defendant as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

c.     is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any

fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

      d.     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. Moreover, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

      e.     is, may be deemed, or shall be construed against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

      f.     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class, or each and any of

them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.8     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.9     The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

10.10    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

10.11    This Settlement Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.12    Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

10.13    Plaintiff represents and warrants that he has not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other Person or party and that he is fully entitled to release the same.

27

10.14   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

10.15   This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.16   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

10.17   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

10.18   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

10.19   Public Comments:   The Parties agree to respond to any and all media inquiries regarding the Settlement Agreement (to the extent the Party wishes to respond), once the Settlement is made public by the filing of a motion for preliminary approval of the Settlement

Agreement, in the following manner: "The Parties agreed to settle the litigation, without any admission or determination of liability, to avoid further costs and expenses and have no further comment." Plaintiff and Class Counsel agree that their firm will not issue any press releases or otherwise publicize the Settlement to the media or other third parties. Plaintiff and Class Counsel further agree that their firm will not disclose the terms of the Settlement on the firm's website. Plaintiff shall not disclose the terms of the Settlement to any third parties apart from immediate family and financial advisors. For avoidance of doubt, this paragraph is not violated by the public filing of the Settlement Agreement with the court in connection with the settlement approval process.

     10.20   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

**BRYAN GOREE**

Dated: 07/12/2023 01:11 UTC

By (signature): *Bryan Goree*

Name (printed): Bryan Goree

**NEW ALBERTSONS, L.P.**

Dated: 7/12/2023

By (signature): _____

Name (printed): Adwoa Ghartey-Tagoe Seymour

Its (title): Vice President Litigation

# Exhibit A

## Class Notice

### NOTICE OF CLASS ACTION SETTLEMENT
### *Goree v. New Albertsons L.P.*, 2022-CV-10738
Case No. 2022-CV-10738

The United States District Court for the Northern District of Illinois preliminarily approved a class action settlement in the case *Goree v. New Albertsons L.P.*, 2022-CV-10738 (the "Lawsuit"). You are receiving this notice because records show that you worked at a Jewel Osco distribution center in Illinois during the time period covered by the lawsuit and are a class member. Jewel Osco is a subsidiary of New Albertsons L.P. ("Albertsons"). While Albertsons does not admit liability or fault, Albertsons has agreed to settle the Lawsuit. This notice explains your options. You may: (1) do nothing and get a settlement payment; (2) exclude yourself from the settlement and not receive a settlement payment; or (3) object to the settlement. Before any money is paid, the Court will decide whether to grant final approval of the settlement.

### What Is this Lawsuit About?
The Lawsuit alleges that Albertsons violated the Illinois Biometric Information Privacy Act ("BIPA") through the use of the Vocollect order picking technology that Defendant's employees used at its distribution center in Illinois which allegedly collected, stored, and transferred their biometric data without following the notice and consent requirements of BIPA. Albertsons has denied all liability and wrongdoing. Both sides agreed to the settlement to resolve the case. The Court did not decide whether Albertsons violated the law. You can learn more about the Lawsuit or review the Settlement Agreement by contacting the settlement administrator.

### Who Is Included in the Settlement?
The settlement includes all individuals who used the Vocollect order picking technology at an Albertsons distribution center in Illinois between March 1, 2018 and October 17, 2022, who are not members of a labor union, and who do not timely exclude themselves from the Settlement.

### What does the Settlement Provide?
Defendant has agreed to create a fund totaling $1,076,075 from which all payments and benefits contemplated by the settlement will be funded, including: (a) a service award to Plaintiff Bryan Goree in an amount up to $7,500; (b) reasonable attorneys' fees to counsel for Plaintiff and the settlement class not to exceed one third of the settlement fund plus reimbursement of reasonable costs; (c) costs incurred by or on behalf of the settlement administrator in administering the settlement; (d) an equal share of the remaining settlement fund to each settlement class member. The settlement cash payment amount for class members will be approximately $670.00 but the exact amount is not yet known and could be more or less.

### What Will You Give Up If You Participate in the Settlement?
Unless you exclude yourself from the settlement as explained below, you will release Albertsons and other parties from Released Claims as defined in the Settlement Agreement.

### What Are Your Options?

(1) If you want to participate in the settlement and receive a settlement payment, do nothing. A check will be mailed to you if the Court grants final approval of the settlement, and all conditions for issuance of payment are satisfied.

(2) If you <u>do not</u> want to receive a payment or be legally bound by the settlement, you must exclude yourself by **[Objection/Opt-Out Deadline)]**. To be valid, any request for exclusion must: (a) be in writing; (b) identify the case name and number; (c) state your full name and current address; (d) be physically signed by you; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Opt-Out Deadline. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Goree v. New Albertsons L.P.*, 2022-CV-10738." If you exclude yourself, you will <u>not</u> receive money from this settlement.

(3) You may object to the settlement by **[DATE]** if you have not already excluded yourself from the settlement. To do so, you must present the following information in a statement signed by you: (a) your full name and current address; (b) a statement that you believe yourself to be a member of the Settlement Class; (c) the specific grounds for the objection, including all citations to legal authority and evidence supporting the objection; (d) all documents or writings that you desire the Court to consider; (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (f) a statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). All written objections must be filed with the Court and be postmarked, e-mailed or delivered to Class Counsel and Defendant's Counsel no later than the Objection/Opt-Out Deadline.

| Class Counsel | Defendant's Counsel |
|---|---|
| David Fish | William Farley |
| Mara Baltabols | Rachel Agius |
| Fish Potter Bolaños, P.C. | Holland & Knight LLP |
| 111 East Wacker Dr. Suite 2300, | 150 North Riverside Plaza Suite 2700 |
| Chicago, IL | Chicago, Illinois 60606 |
| 60601admin@fishlawfirm.com | William.Farley@hklaw.com |
| | Rachel.Agius@hklaw.com |

## Who Are My Lawyers?

The Court has appointed the following attorneys to represent the Settlement Class. You will not be charged for these lawyers because they will be paid from the Settlement Fund. If you want to be represented by your own lawyer instead, you may hire one at your own expense.

David Fish/ Mara Baltabols
Fish Potter Bolaños, P.C.
111 East Wacker Dr. Suite 2300, Chicago, IL 60601
www.fishlawfirm.com

**Who Is the Settlement Administrator and How do I update my Contact Information?**

The Settlement Administrator is identified below. You must notify the Settlement Administrator (contact information below) of any changes in your mailing address so that your settlement payment will be sent to the correct address.

**When is the Final Approval Hearing?**

The Court will hold a hearing in this case on [FINAL APPROVAL HEARING DATE], in Courtroom _____ of the _____ s at __:__ a.m./p.m., to consider, among other things: (1) whether to grant final approval of the settlement; (2) a request by the lawyers representing class members for an award of one-third of the Settlement Fund as attorneys' fees plus costs; (3) a request for an incentive award for the Class Representative from the Settlement Fund in recognition of her work in recovering money for the Settlement Class; and (4) a request for costs to the Settlement Administrator from the Settlement Fund for its work administering the settlement. You may appear at the hearing, but you are not required to do so.

If you have any questions or for more information, or to update your mailing address, contact the settlement administrator or Class Counsel at:

| Settlement Administrator | Class Counsel |
|---|---|
| Analytics Consulting, LLC | David Fish |
| 18675 Lake Drive East | Mara Baltabols |
| Chanhassen, MN 55317 | Fish Potter Bolaños, P.C. |
| | 111 East Wacker Dr. Suite 2300, |
| | Chicago, IL 60601 |

Please do not call the Judge, the Clerk of the Court, or Defendant's counsel about this case. They will not be able to give you advice on your options.

# Exhibit B

# Preliminary Approval Order

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

BRYAN GOREE,                                    )
Individually and on behalf all others similarly )
situated,                                       )
                                                )
                Plaintiff,                      )          Case No. 1:22-cv-01738
                                                )
v.                                              )
                                                )
NEW ALBERTSONS L.P.,                            )
                                                )
                Defendant.                      )

### <u>PRELIMINARY APPROVAL ORDER</u>

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff Bryan Goree ("Plaintiff"), and New Albertsons L.P. ("Defendant") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendant (the "Settlement Agreement"), and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises, IT IS HEREBY ORDERED, as follows:

1.      Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

2.      The Court finds, on a preliminary basis, that the Settlement is fair, reasonable, and adequate.

3.      The Settlement Agreement was negotiated at arm's-length between counsel for the Parties who are experienced in class action litigation.

4.      The Court finds, on a preliminary basis, that Class Counsel has adequately represented the proposed Class Members.

5.      For settlement purposes only, the Court certifies a Settlement Class defined as follows:

All individuals who used the Vocollect voice technology at Defendant's distribution center in Illinois between March 1, 2018 and October 17, 2022. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) individuals that worked at Defendant's distribution center who were members of a labor union; (4) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (5) the legal representatives, successors or assigns of any such excluded persons.

6.      The Court finds that distribution of the Notice to the proposed Class Members is justified because Plaintiff has shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2) and (ii) certify the proposed class for purposes of settlement.

7.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2) and is in the best interests of the Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of

Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

8.      For settlement purposes only, the Court appoints Plaintiff as the Class Representative.

9.      For settlement purposes only, the Court appoints as Class Counsel: David Fish Mara Baltabols, Fish Potter Bolaños, P.C.

10.     The Court appoints Analytics Consulting LLC as the Settlement Administrator to perform all duties described in the Settlement Agreement and ordered by this Court.

11.     The Court finds that distribution of the proposed Notice of Class Action Settlement ("Notice") by mail is the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and other applicable laws. The proposed Notice is accurate, objective, and informative. It provides Class Members with all of the information necessary to evaluate the fairness of the Settlement and to make an informed decision regarding whether to participate in the Settlement.

12.     Any Settlement Class Member may request to be excluded from the Settlement by submitting a written request for exclusion to the Settlement Administrator as described in the Notice by [insert 42 days from Notice Date].

13.     Any Settlement Class Member who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment on it.

14.     Any Class Member who does not request to be excluded from the Settlement may

object to the Settlement by submitting a written statement to the Settlement Administrator

as described in the Notice by _____ [insert 42 days from Notice Date].

15.     Settlement Class Counsel shall file a motion for attorney fees, litigation costs,

settlement administration costs, and the Class Representative's Service Award ("Fee

Petition") no later than _____.

16.     Settlement Class Counsel shall file a motion for final approval of the Settlement no

later than _____. The motion for final approval shall include copies of any

objections submitted and identify any Settlement Class Members who have requested to

be excluded from the Settlement.

17.     The Court schedules a Final Approval Hearing for _____, **2023 at 9:15

a.m.** in Courtroom 1425 of the Everette McKinley Dirksen United States Courthouse, 219

South Dearborn Street, Chicago, IL 60604, to be held via phone conference or other remote

means, unless otherwise ordered by the Court, to consider, among other things, (1) whether

to finally approve the Settlement; (2) whether to approve Class Counsel's request for

attorney fees and litigation costs; (3) whether to approve the Settlement Administrator's

costs; and (4) whether to approve the Class Representative's request for an Service Award.

Settlement Class Members may, but are not required to, appear at the Final Approval

Hearing and request to speak in favor or against the Settlement.

18.     The Final Approval Hearing may be postponed, adjourned, transferred, or

continued by order of the Court without further notice to Settlement Class Members. At or

following the Final Approval Hearing, the Court may enter a Final Judgment approving

the Settlement and entering a Final Approval Order in accordance with the Settlement that adjudicates the rights of all Settlement Class Members.

Entered: _____          _____
                                                                    Hon.

# EXHIBIT C
# FINAL APPROVAL ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN GOREE,<br>Individually and on behalf all others similarly<br>situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW ALBERTSONS L.P.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:22-cv-01738 |

## FINAL ORDER AND JUDGMENT

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff Bryan D. Goree ("Plaintiff"), and New Albertsons L.P. ("Defendant") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendant (the "Settlement Agreement"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1.  Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2.  The Court-approved Notice of Class Action Settlement ("Notice") was distributed by the Settlement Administrator, Analytics Consulting LLC, to Settlement Class Members

by direct mail. The Notice and the methods of distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, and constitutes the best notice practicable under the circumstances.

3.      [Number] Settlement Class Members submitted objections or excluded themselves from the Settlement.

4.      The Court grants final certification of the class that the Court previously certified for settlement purposes in its Preliminary Approval Order. The Class is defined as follows:

All individuals who used the Vocollect voice technology at Defendant's distribution center in Illinois between March 1, 2018 and October 17, 2022. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) individuals that worked at Defendant's distribution center who were members of a labor union; (4) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (5) the legal representatives, successors or assigns of any such excluded persons.

5.      The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representative and Settlement Class Members' claims weighed against the Defendant's defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Fund as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties, with the assistance of a neutral mediator; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those

involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

6.      The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

7.      The Court awards $_____ to the Settlement Administrator, _____, for its work administering the Settlement, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

8.      The Court awards Settlement Class Counsel $_____ in attorney fees and $_____ in litigation costs, which are payable from the Gross Settlement Fund as described in the Settlement Agreement.

9.      The Court awards Settlement Class Representative $7,500 as a Service Award, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

10.     This matter is dismissed with prejudice.

Entered: _____          _____
                                          Hon.