**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRYAN GOREE, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br><br>NEW ALBERTSONS L.P.,<br><br>            Defendant. | Case No. 1:22-cv-01738<br>Judge Jeffrey T. Gilbert |

**FINAL ORDER AND JUDGMENT**

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff Bryan D. Goree ("Plaintiff"), and New Albertsons L.P. ("Defendant") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendant (the "Settlement Agreement"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1.      Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2.      The Court-approved Notice of Class Action Settlement ("Notice") was distributed by the Settlement Administrator, Analytics Consulting LLC, to Settlement Class Members by direct U.S. Mail and a settlement website. The Notice and the methods of distribution

satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil

Procedure, and constitute the best notice practicable under the circumstances.

3.      Zero Settlement Class Members submitted objections or excluded themselves from

the Settlement.

4.      The Court grants final certification of the class that the Court previously certified

for settlement purposes in its Preliminary Approval Order. The Class is defined as

follows:

All individuals who used the Vocollect voice technology at the Released Parties' distribution center at 1966 N 19th Ave, Melrose Park, IL 60160 between March 1, 2018 and October 17, 2022. Excluded from the Settlement Class are (1) any District Judge or Magistrate Judge presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) individuals that worked at a Released Parties' distribution center in Illinois who were members of a labor union; (4) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (5) the legal representatives, successors or assigns of any such excluded persons.

5.      The Court finds the settlement memorialized in the Settlement Agreement and filed

with the Court is fair, reasonable, and adequate, and in the best interests of Settlement

Class Members. The Court finds that: (a) the strength of the Settlement Class

Representative and Settlement Class Members' claims weighed against the Defendant's

defenses and the complexity, length and expense of further litigation support approval of

the Settlement; (b) the Gross Settlement Fund as set forth in the Settlement Agreement is

a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached

pursuant to arm's-length negotiations between the Parties, (d) the support for the

Settlement expressed by Settlement Class Counsel, who have significant experience

representing parties in complex class actions, including those involving Biometric

Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the

absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

6.　　The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement as modified by the Preliminary Approval Order.

7.　　The Court awards $14,418 to the Settlement Administrator, for its work administering the Settlement, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

8.　　The Court awards Settlement Class Counsel one-third of the Settlement Fund ($355,466.67) in attorney fees and $637.71 in litigation costs, which are payable from the Gross Settlement Fund as described in the Settlement Agreement.

9.　　The Court awards Settlement Class Representative $7,500 as a Service Award, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

10.　　This matter is dismissed with prejudice.

Entered: November 16, 2023

Hon. Jeffrey T. Gilbert
United States Magistrate Judge

3